IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) CIVIL ACTION NO. |
| Plaintiff, | ) ) ) |
| v. | ) JURY TRIAL DEMANDED |
| FLASH MARKET, INC. | ) ) ) |
| Defendant. | ) |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Sylvia R. Rhodes, who was adversely affected by such practices.  As alleged with greater particularity below, the Commission alleges Defendant Flash Market, Inc. subjected Ms. Rhodes to sexual harassment and retaliated against her for engaging in protected activity under Title VII.

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) and 42 U.S.C. § 2000e-3(a) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices herein alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Flash Market, Inc. ("Defendant Employer"), has continuously been an Arkansas corporation, doing business in the State of Tennessee and the City of Memphis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this lawsuit, Ms. Rhodes filed charges with the Commission, alleging violations of Title VII by Defendant Employer.

7. On December 1, 2016, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission, because Defendant refused to engage in conciliation.

10. On June 22, 2017, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

12. Since at least July 2010 and until around October 2013, Defendant Employer has engaged in unlawful employment practices at its convenience store #166, 2444 Poplar Avenue, Memphis, Shelby County, Tennessee (Store #166), in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2(a).

13. Defendant Employer's unlawful employment practices involved subjecting Ms. Rhodes to unwelcome sexual harassment because of her sex, female.

    a. Ms. Rhodes began working at Store #166 as a cashier on July 21, 2010.

    b. Luketha Dodson, as Assistant Manager and later as Store Manager, directly supervised Ms. Rhodes.

    c. During Ms. Rhodes employment with Defendant-Employer, Area Manager Waletha "Wally" Love supervised Store #166, in addition to nine other Flash Market stores in the Memphis metropolitan area.

    d. In 1997, Love, who was then Dean of Students at West Memphis High School in West Memphis, Arkansas, was charged with luring a young female student off-campus and raping her. A jury convicted Love of first-degree sexual violation of a minor, a class C felony. Love was sentenced to a three-year prison term.

e. Defendant Employer hired (or rehired) Love in or about September 2001, upon Love's release from prison.

f. Defendant Employer knew or should have known about Love's history as a felony sexual offender when it hired Love and placed him in a position of supervisory authority over females.

g. At Store #166, Love frequently made lewd, unwelcome, and sexually explicit comments to Ms. Rhodes.

h. Love repeatedly propositioned Ms. Rhodes for sex. Ms. Rhodes declined all of Love's offers because she is a lesbian and told him so.

i. After Ms. Rhodes told Love of her sexual orientation, Love approached her in the store aisle and whispered in her ear, "I still want to hit that."

j. At times when Ms. Rhodes was bent over while working, Love said, "Oh, that looks good"; "What can I do with that?"; and "You cannot do that in front of me."

k. Love physically intimated Ms. Rhodes continuously using his body and body movements.

l. Love routinely touched Ms. Rhodes in an offensive and unwanted manner. At every opportunity, Love brushed his body against her. On one occasion, when Ms. Rhodes reached above the counter for cigarettes, Love pressed his penis against her buttocks.

m. Each time Love made a lewd remark to Ms. Rhodes, Ms. Rhodes told him to stop.

n. Each time Love inappropriately touched Ms. Rhodes, Ms. Rhodes told him to stop.

   o. In late 2012, Ms. Rhodes complained about Love's sexual harassment to her supervisor, Store Manager Luketha Dodson. Ms. Dodson confessed to Ms. Rhodes that Love was sexually harassing her as well. Ms. Dodson told Ms. Rhodes that she could do nothing about the harassment, and that she herself would not lodge a complaint because she feared Love would fire her.

   p. Love's frequent sexual remarks and unwelcome touching created for Ms. Rhodes a sexually-hostile work environment that was sufficiently severe or pervasive to alter the terms or conditions of her employment.

   q. Defendant Employer at all relevant times did not maintain effective sexual harassment policies or procedures.

   r. Defendant Employer did not provide its employees or managers with sexual harassment prevention training.

   s. Defendant Employer failed to take prompt and appropriate remedial measures to protect Ms. Rhodes from the sexually-hostile work environment.

 14. The effect of the unlawful employment practices complained of in paragraph 13 has been to deprive Ms. Rhodes of equal employment opportunities and to otherwise adversely affect her employment status as an employee because of her sex, female.

 15. Since at least July 2014, Defendant Employer has engaged in unlawful employment practices at Store #166 in violation of Section 703 of Title VII, 42 U.S.C. 2000e-3(a).

16. The unlawful employment practices include, discharging Ms. Rhodes from her employment in retaliation for her participation in an EEOC proceeding opposing the hostile work environment and sexual harassment.

   a. On September 27, 2013, Ms. Rhodes filed a Charge of Discrimination with the Commission.

   b. In her Charge, Ms. Rhodes alleged Love sexually harassed her and Luketha Dodson, and Love retaliated against Ms. Rhodes her for refusing to promote her to a supervisory position.

   c. Ms. Dodson received Ms. Rhodes' Charge in the mail when it was delivered to the store.

   d. When Ms. Dodson gave the Charge to Love, Love said, "That bitch is gonna get nothing for this."

   e. Love terminated Ms. Dodson's employment on February 13, 2014, and appointed Jackie Luckett as the Store Manager of Store #166.

   f. In May 2014, while Ms. Rhodes' EEOC charge was still pending, Ms. Rhodes asked Love about her prospects for a promotion to the Assistant Manager position under Luckett.

   g. Love told Ms. Rhodes she "would never move up in the company" and "as soon as the EEOC stuff was over" they were going to fire her.

   h. Luckett, under direction from Love, fired Ms. Rhodes on July 14, 2014 due to an alleged cash shortage.

   i. Luckett's summary firing of Rhodes contradicts Flash Market's written policy. The policy provides that cashiers' "failure to control cash

        shortages" will result in an "initial written warning, with second violation resulting in suspension or termination."

    j.    Ms. Rhodes had no prior written warnings.

    k.    On information and belief, Ms. Rhodes alleges Love and/or Luckett themselves manufactured the cash shortage to fire Ms. Rhodes.

    l.    Defendant Employer's reason for terminating Ms. Rhodes' employment is mere pretext for retaliating against her for her filing a charge of discrimination with the Equal Employment Opportunity Commission, an activity protected by Title VII's participation clause.

    m.    Defendant Employer's termination of Ms. Rhodes' employment constitutes unlawful retaliation in violation of Title VII.

17.    The unlawful employment practices complained of in paragraphs 13 and 16 above were and are intentional.

18.    The unlawful employment practices complained of in paragraphs 13 and 16 above were and are done with malice or with reckless indifference to the federally protected rights of Ms. Rhodes.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in harassment any other employment practice which discriminates against females based on sex and from retaliating against employees who complained of and oppose sexual harassment.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Ms. Rhodes, whom Defendant Employer subjected to unlawful sexual harassment and retaliation by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 13 and 16 above, such as medical expenses, in amounts to be determined at trial.

D.  Order Defendant Employer to make whole Ms. Rhodes by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13 and 16 above, including emotional pain, suffering, anger, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.  Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 28, 2017

ATTORNEYS FOR PLAINTIFF

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
Tennessee Bar No. 011730

GERALD L. THORNTON
Supervisory Trial Attorney
Tennessee Bar No. 015898

s/ Steven W. Barnat_____
STEVEN W. BARNAT
Trial Attorney
Tennessee Bar. No. 028047

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Memphis District Office
1407 Union Avenue, Ste. 900
Memphis, TN  38104
Telephone: (901) 544-0099
steven.barnat@eeoc.gov